UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRANDON R. DOMINO** | **CIVIL ACTION NO. 24-964-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **WARDEN JAKE BAIRD, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Brandon R. Domino, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in this court on July 18, 2024. He is incarcerated at the David Wade Correctional Center in Homer, Louisiana. Plaintiff names Warden Jake Baird as defendant.

Plaintiff claims that when he arrived at the David Wade Correctional Center on September 27, 2022, Warden Jake Baird asked him where he was from. He replied that he was from New Orleans. He claims Warden Beard told him that he was not a Rasta and that he was faking and would have to cut his hair. Plaintiff then informed Warden Baird that he had his paperwork which included his rap sheet, exempt papers from the prison chaplain, and a duty status to prove his religion. Plaintiff claims Warden Baird said he did not care and was going to cut his hair that day. He claims Warden Baird grabbed him by the arm while he was in full restraints and forced him into the barber's chair. The intake inmate

barber cut his dread locks. Plaintiff claims Warden Jake Baird showed clear acts of racial hostilities and assaulted him.

Accordingly, Plaintiff seeks to be transferred to a prison closer to his family.

## LAW AND ANALYSIS

**Prescription**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492.[1] The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

---

[1] La. C.C. art. 3492 was repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024. Section 3 of Acts 2024 provides "The provisions of the Act shall be given prospective application only and shall apply to delictual actions after the effective date of this Act." Thus, La. C.C. art. 3492 is still applicable as to this complaint.

Plaintiff claims his civil rights were violated by Defendant on September 27, 2022. Thus, prescription began to run as to these claims on September 28, 2022. The above entitled and numbered complaint was not mailed by Plaintiff until July 17, 2024, and it was not filed by the Clerk of Court until July 18, 2024. Plaintiff's claims are therefore prescribed. Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

**Transfer**

The only relief Plaintiff seeks from this court is to be transferred to a prison closer to his family. The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Under Olim and Meachum, this court has no authority to order the State to transfer Plaintiff to another prison. Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in deciding whether an IFP proceeding is frivolous and may dismiss a claim as

frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the

proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 24th day of September, 2024.

Mark L. Hornsby
U.S. Magistrate Judge